1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11  STEVEN VLASICH,                          CV F 01 5197 AWI LJO P

12                  Plaintiff,

13      v.                                   FINDINGS AND RECOMMENDATIONS TO
                                             GRANT MOTION TO DISMISS ACTION
14                                           (Doc. 74.)
    REYNOSO, et. al.,
15
                    Defendants.
16  _____/

17

18      Steven Vlasich  ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

19  this civil rights action pursuant to 42 U.S.C. § 1983.

20      On January 10, 2005, the Ninth Circuit Court of Appeals found Plaintiff's Second

21  Amended Complaint stated cognizable claims of excessive force and deliberate indifference

22  under the Eighth Amendment against Defendants Reynoso, Keener and Priolo.  The District

    Court's holding was reversed and the case was remanded to this Court for further proceedings.
23
        Plaintiff filed a Third Amended Complaint on March 4, 2005, and a Fourth Amended
24
    Complaint on March 22, 2005.  The Court found that the Fourth Amended Complaint stated
25
    cognizable claims against Defendants Reynoso, Keener, Priolo and Brock for excessive force and
26
    against Defendants Keener and Priolo for a violation of the Eighth Amendment.
27
        On October 24, 2006, Defendants moved to dismiss the complaint on the grounds that
28

1

1    Plaintiff failed to exhaust his administrative remedies.  Plaintiff filed an Opposition to the

2    Motion on November 13, 2006.  A Reply to the Opposition was filed by Defendants on

3    December 15, 2006.

4    **A. EXHAUSTION**

5         Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be

6    brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by

7    a prisoner confined in any jail, prison, or other correctional facility until such administrative

8    remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The Section 1997e(a)

9    exhaustion requirement applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435

10   U.S. 516, 532 (2002).  Prisoners must complete the prison's administrative process, regardless of

11   the relief sought by the prisoner and regardless of the relief offered by the process, as long as the

12   administrative process can provide some sort of relief on the complaint stated.  Booth v. Churner,

13   532 U.S. 731, 741 (2001).  "All 'available' remedies must now be exhausted; those remedies need

14   not meet federal standards, nor must they be 'plain, speedy, and effective.' ' Porter, 534 U.S. at

15   524 (citing Booth, 532 U.S. at 739 n. 5).  Exhaustion must occur prior to filing suit.  McKinney

16   v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.2002).  Thus, plaintiff may not exhaust while the

17   suit is pending.  McKinney, 311 F.3d at 1199-1201.

18        The California Department of Corrections has an administrative grievance system for

19   prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the

20   department's jurisdiction may appeal any departmental decision, action, condition, or policy

21   which they can reasonably demonstrate as having an adverse effect upon their welfare."  Id. at

22   3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level,

23   second formal level, and third formal level, also known as the "Director's Level."  Cal. Code

24   Regs. tit 15, § 3084.5 (2004).

25        Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative

26   defense under which defendants have the burden of raising and proving the absence of

27   exhaustion.  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).   In order to meet this

28   burden, Defendants must demonstrate that pertinent relief "remained available." Brown v.

2

1  Valoff, 422 F.3d 926, 936-37 (9th Cir.2005).  The U.S. Supreme Court has further held that

2  "[p]roper exhaustion demands compliance with an agency's deadlines and other critical

3  procedural rules because no adjudicative system can function effectively without imposing some

4  orderly structure on the course of its proceedings." Woodford v. Ngo, 126 S.Ct. 2378 (2006).

5  Thus, "[proper exhaustion] means ... a prisoner must complete the administrative review process

6  in accordance with the applicable procedural rules ... as a precondition to bringing suit in federal

7  court." Id.

8          The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is

9  subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt,

10  315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365,

11  368 (9th Cir. 1998) (per curiam)).  In deciding a motion to dismiss for failure to exhaust

12  administrative remedies, the court may look beyond the pleadings and decide disputed issues of

13  fact. Wyatt, 315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust

14  administrative remedies, the proper remedy is dismissal without prejudice. Id.   The Ninth

15  Circuit has rejected a total exhaustion rule and thus, a court is not required to dismiss an entire

16  action when a Section 1983 complaint contains both exhausted and unexhausted claims.  Lira v.

17  Herrera, 427 F.3d 1164, 2005 WL 2850115 (9th Cir. 2005.)

18          In this case, Defendants present the Declaration of J. Jones, Appeals Coordinator at

19  California State Prison, Corcoran (COR), where Plaintiff was incarcerated at the time of the

20  incident giving rise to this action and at the time the Complaint was filed.  Defendants also

21  present the Declaration of N. Grannis, the Chief of the Inmate Appeals Branch in support of the

22  Motion to Dismiss this action.

23          According to the Declaration of J. Jones, a search of the database was conducted to locate

24  all inmate appeals filed by Plaintiff that were both accepted and screened out.  (Jones Decl., at 1-

25  2.) From January 2001, through September 2001, the database showed that Plaintiff submitted

26  two grievances, neither of which were assigned appeal numbers.  Plaintiff's grievance submitted

27  on August 31, 2001, concerned a medical issue and was screened out as duplicative of an issue

28  already appealed.  The second appeal was screened out on September 11, 2001, for abuse of the

1   appeal, containing false information, profanity, and excessive filing.

2       N. Grannis declares that a search of the Inmate Appeals Branch database shows that no

3   appeals were accepted from Plaintiff concerning the incident occurring on December 7, 2000,

4   and at issue in this action.  (Grannis Decl., at 3.)

5       The Court finds that the Defendants have presented sufficient evidence that Plaintiff did

6   not grieve the excessive force or Eighth Amendment claims at issue in this action.

7       In his Opposition, Plaintiff states that he submitted an inmate appeal on approximately

8   December 14, 2000, concerning the use of excessive force and the conditions of his confinement.

9   Plaintiff states that he submitted another 602 on January 3, 2001, regarding the "missing" 602

10   submitted on December 14, 2000, but that he received no response to either 602.  (Opposition at

11   ¶¶ 1-3.)  Plaintiff states that on February 19, 2003, he submitted a 602 directly to the third

12   (Director's) level in Sacramento regarding the failure to respond to the prior 602s but that this

13   appeal was rejected as untimely. Id.at 4-5.  Plaintiff complains that his attempts to exhaust his

14   administrative remedies were "thwarted" at every level.

15       Although there are no Ninth Circuit Court cases on point, other Circuit Courts have

16   addressed the issue of the effect of prison officials' failure to respond to grievances in a timely

17   manner, and held that exhaustion occurs when prison officials fail to respond to a grievance

18   within the policy time limits.  Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir.

19   2004) (administrative remedies are exhausted when prison officials fail to timely respond to

20   properly filed grievance); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure

21   to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v.

22   Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy

23   becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir.

24   2001) (district court did not err when it declined to dismiss claim for failure to exhaust where

25   prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a

26   valid grievance has been filed and the state's time for responding has expired, the remedies are

27   deemed exhausted); Underwood v. Wilson, 151 F.3d 292, 295 (5th Cir. 1998) (when time limit

28   for prison's response has expired, the remedies are exhausted); see also Mitchell v. Horn, 318

F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002) (formal grievance procedure not available where prison officials told prisoner to wait for termination of investigation before filing formal grievance and then never informed prisoner of termination of investigation); Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy).

Plaintiff's case, however, is distinguishable from those cases where courts have found the failure to respond to a grievance constituted exhaustion under the PLRA. First, despite Plaintiff's assertion that none of his appeals were responded to, the evidence before the Court does not establish that Plaintiff's inmate appeals were ever properly filed such that the grievance process actually began. Plaintiff states he submitted a 602 on December 14, 2000, and a second on January 3, 2001, yet neither of these were assigned log numbers indicating that they were received.

According to the California Code of Regulations, an inmate begins the appeals process at the informal level by submitting the appeal to the staff directly involved unless the informal level is waived. 15 Cal.Code Regs. § 3084.5(a). If the informal level is not waived, the employee contacted responds to the grievance in writing and will sign and date the form. § 3084.5(a)(2). Only after this occurs will the inmate be able to being the formal grievance process at the first level. The Court presumes Plaintiff is familiar with the process because he attaches to his Amended Complaint two properly filed inmate grievances, both concerning his yard placement and both having been assigned log numbers. (Unmarked Exh. at pgs. 278-286 [Log. Nos. 00-2886 filed August 9, 2000, and August 17, 2000], Am. Compl.99-6472 AWI WMW P.)[1]

With respect to the exhaustion of issues in this case, however, Plaintiff only makes a conclusory statement that he "submitted" his grievances and that they were not responded to. Assuming Plaintiff submitted them for informal review, Plaintiff would have had to submit them directly to the employee involved, yet Plaintiff makes no such assertion in his Opposition.

_____

[1]On March 1, 2001, this inmate grievance was returned to Plaintiff because it was untimely submitted. (Unmarked Exh. at pg. 277, Am. Compl.[Doc. 5] 99-6472 AWI WMW P.)

1  Instead, he states only that he "submitted" them. Even were the Court to assume that the

2  informal level was waived such that Plaintiff would begin the process at the first formal level,

3  Plaintiff again fails to provide any factual detail as to where he submitted the appeals and how.

4  As noted above, "[p]roper exhaustion demands compliance with an agency's deadlines and other

5  critical procedural rules because no adjudicative system can function effectively without

6  imposing some orderly structure on the course of its proceedings." Woodford v. Ngo, 126 S.Ct.

7  2378 (2006). There is no evidence before the Court that the inmate appeals relating to the claims

8  in this case and purportedly "submitted" by Plaintiff were ever properly filed.[2]

9       Plaintiff's submission of three separate inmate grievances directly to the Director's level

10  is also insufficient to exhaust administrative remedies under the PLRA. Plaintiff's exhibit

11  demonstrates that this submission was rejected. (Exh. A-3, Opposition.) Plaintiff was informed

12  specifically that an appeal must be submitted within 15 working days of the event or decision be

13  appealed, or of receiving a lower level decision in accordance with the regulations. Id. Plaintiff

14  was then referred to his counselor for questions regarding the appeals process. Thus, the

15  submission was untimely and was not an appeal of a lower decision. The submission of a 602

16  grievance directly to the third level and almost two years later indicates a failure to follow the

17  agency's deadlines and internal rules. See, Woodford v. Ngo, 126 S.Ct. 2378 (2006).

18       Finally, Plaintiff's submission of a Ninth Circuit decision regarding a prior case filed by

19  him in this court, does not aid in demonstrating that he exhausted his administrative remedies in

20  this case.   In Vlasich v. Hoffman, 99-6472 AWI HGB P, Plaintiff attempted to amend his

21  complaint to add a Defendant on the basis that he was denied the ability to make a copy of his

22  inmate grievance at the third level. (Doc. 41 at 5, 99-6497 AWI WMW P.)[3] The District Court

23

24       [2]The Court notes that one Declaration provided in support of Plaintiff's Opposition indicates that another
inmate signed 2 inmate appeals on Plaintiff's behalf and submitted them for him. These grievances concerned the

25  lost appeal, a separate medical issue and the incident of force on December 7, 2000, at issue in this action. (Joe
Martin Decl, Exh.D, Opposition). Further, with the exception of the declarant Martin, the declarations all provide

26  that the inmate submitted informal and formal grievances through the "institutional mail" that were not responded to.
However, again, the California Code of Regulations requires that the process begin at the informal level by giving

27  the grievance directly to the employee involved, and not sent through the "institutional mail."

28       [3]The case was reassigned from Magistrate Judge Best to Magistrate Judge Wunderlich on May 2, 2004.
(Doc. 72, 99-6472 AWI WMW P.)

1   held that Plaintiff failed to exhaust his administrative remedies because he did not complete the

2   grievance process by appealing to the third (Director's) level. Id.  The Ninth Circuit disagreed

3   and found that Plaintiff had submitted evidence that he filed an "informal complaint and at least

4   one formal appeal but received no response" and that the District Court's conclusion that

5   Plaintiff could have proceeded to the third level without a response to his appeal was not

6   supported by the record.  (Exh. C at 3, Opposition.)  The case was vacated and remanded.  Id.

7           The facts of the Hoffman case are distinguishable to this case.  Unlike Hoffman, the

8   allegation in this action is that Plaintiff did not exhaust his administrative remedies because he

9   failed to file *any* grievance whatsoever, not that he failed to reach the second or third level.

10  Clearly at least one of Plaintiff's grievances in Hoffman case was  "properly filed" such that the

11  Ninth Circuit found the failure to respond significant.  Here, however, there is no evidence that

12  any inmate grievance, informal or formal, was ever properly filed.  As noted above, courts have

13  found administrative remedies exhausted when prison officials fail to respond to *properly filed*

14  *grievances.* Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (emphasis

15  added).  The record before the Court is devoid of filing of any grievance by Plaintiff concerning

16  the allegations in this case.  In addition, as discussed above, Plaintiff provides no factual detail as

17  to what level, to whom, and how the grievances were submitted.  Even had Plaintiff provided

18  such detail, there is no record of the submission of any grievance, either filed or screened out, to

19  support Plaintiff's contention that he filed a grievance that was not responded to.

**B.  RECOMMENDATION**

21          Based on the above, the Court RECOMMENDS that the Motion to Dismiss the case for

22  Plaintiff's failure to exhaust his administrative remedies be GRANTED and the case

23  DISMISSED.

24          The Court HEREBY ORDERS that these Findings and Recommendations be submitted

25  to the United States District Court Judge assigned to this action pursuant to the provisions of 28

26  U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States

27  District Court, Eastern District of California.  Within TWENTY (20) days after being served

28  with a copy of these Findings and Recommendations, any party may file written Objections with

7

1  the Court and serve a copy on all parties.  Such a document should be captioned "Objections to

2  Magistrate Judge's Findings and Recommendations."  Replies to the Objections shall be served

3  and filed within TEN (10) <u>court</u> days (plus three days if served by mail) after service of the

4  Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.

5  § 636 (b)(1)(C).  The parties are advised that failure to file Objections within the specified time

6  may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

7  (9th Cir. 1991).

8  IT IS SO ORDERED.

9  **Dated:    December 20, 2006**              **/s/ Lawrence J. O'Neill**
10  b9ed48                                UNITED STATES MAGISTRATE JUDGE